CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BLVD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY MAGGIO & MARITON MAGGIO, | : |
| Plaintiffs, | : |
| V. | : CIVIL ACTION NO.: |
| THE VALLEY HOSPITAL and VALLEY HEALTH SYSTEM | : |
| | : COMPLAINT AND JURY DEMAND |
| Defendants. | : |

The Plaintiffs, Troy and Mariton Maggio, residing at 837 Alden Road, City of Paramus, County of Bergen, State of New Jersey, file this Complaint, and would respectfully show the Court as follows:

## NATURE OF CASE

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by the plaintiffs, Troy and Mariton Maggio, against defendants' hospital, in their failure to provide reasonable accommodations for the plaintiffs disability and for discrimination based on disability during plaintiff Troy Maggio's care while in defendants' hospital. The plaintiffs experienced humiliation and discrimination in violation of their civil rights through Defendants' policies and practices of discrimination on the basis of disability.

2. This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act, as well as other state and common law causes of action. In this action, Plaintiffs suffered damages and now seek declaratory and injunctive relief, and compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title III, 28 USCS Section 12181 et seq and the Rehabilitation Act, 29 USCS Section 794, Section 504. This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## PARTIES

4. Troy and Mariton Maggio are residents of the City of Paramus, County of Bergen and State of New Jersey. Plaintiffs, Troy and Mariton Maggio, are profoundly deaf and communicate through American Sign Language. They require qualified American Sign Language interpreters, reasonable

accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendants and to benefit from Defendants' services. Plaintiffs are qualified persons with a disability pursuant to Section 504, the ADA and NJLAD.

5. Defendant, The Valley Hospital, is located at 223 North Van Dien Avenue, City of Ridgewood, County of Bergen and State of New Jersey. It is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504.

6. Defendant, Valley Health System, is located at 223 North Van Dien Avenue, City of Ridgewood, County of Bergen and State of New Jersey. It is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504.

## FACTS

7. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities". 42 U.S.C. Section 12181 et seq.

8. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-12.

9. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

10. Defendants provides public accommodations within the meaning provided in each of the above laws.

11. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiffs who have a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

12. Among these aids include a failure to provide interpreters to plaintiffs for the care of the plaintiff Troy Maggio. These aids were requested and denied by

the defendants during the Maggio's hospitalization from August 8, 2016 through August 13, 2016 and on all occasions prior and thereafter.

13. Plaintiff Troy Maggio was a patient at The Valley Hospital from August 8, 2016 through August 13, 2016. On August 8, 2016 Plaintiff had numerous coughing fits which led his doctor to send him immediately to the hospital. Once there Plaintiffs asked for an interpreter, but none were provided. Plaintiff was diagnosed with a life threating pulmonary embolism.

14. Plaintiff underwent numerous tests including CT and intravascular thrombolysis among other procedures and treatments without any effective way to communicate and understand the treatment he was undergoing. Further the hospital staff was unable to communicate effectively to him as they failed to provide an interpreter to him. While no live interpreters were provided despite numerous requests by Plaintiffs, a Video Remote Interpreter was placed in the room. However, no Dr. attempted to turn it on and nurses did not know how to use it. It is clearly noted in the hospital records that the hospital instead resorted to using Plaintiff Troy Maggio's wife, who is also profoundly deaf to assist with interpretation, although no interpreter was provided for her. His sister was also used as a bedside translator when his wife was not there. All requests for interpreters were ignored as they had been since his admission. Based on these facts, communication problems arose between plaintiffs and defendants as no interpreter was provided to them throughout his hospitalization despite his and his family members' repeated requests for same. The records reflect that the hospital staff repeatedly tried to have long and complex conversations with Plaintiffs discussing risks of procedures without interpreters to ensure effective means of communication. He was unable to discuss any of his questions or implications of this while in the hospital as he had no effective means of communicating.

15. On August 13, 2016 the plaintiff was discharged from the hospital. Throughout plaintiff Troy Maggio's stay he was seen by various doctors and nurses without the utilization of an interpreter despite plaintiffs repeated requests resulting in ineffective communication. Without an interpreter being provided to them, plaintiffs were unable to communicate effectively during critical aspects of his treatment. This led to plaintiffs not having a complete understanding of what took place during his medical treatment as well as being unable to participate in and ask questions about his medical treatment, diagnosis, prognosis as well as have the discharge instructions explained to them all due to no interpreter being provided by defendant hospital from August 8, 2016 through August 13, 2016. This also led plaintiffs to feeling frustrated, scared and upset about the lack of communication during his hospitalization. All requests by plaintiffs and their family for a live sign language interpreter went ignored by defendants. This lack of communication left plaintiffs feeling frustrated and upset as well as this left the plaintiffs feeling frightened and scared they struggled to understand about the medical treatment Plaintiff Troy Maggio received at defendants hospital during his hospitalization.

16. Plaintiffs were ignored, humiliated and treated like non-persons by defendants. Defendants' actions resulted in plaintiffs being irretrievably denied the complete understanding of the care received while at the Hospital's Facilities. Instead plaintiffs experienced shame, anxiety, frustration, emotional distress, fear and discrimination. Further, Troy Maggio's care was made more difficult and painful by his inability to communicate with the nursing staff and doctors in a manner in which he could understand.

17. During the plaintiff's admission to defendants' hospital he was requested to sign consent forms and other forms involving procedures without an interpreter present. Plaintiffs did not fully understand what treatment was to be performed on him and was often unaware of his diagnosis, prognosis and was unable to fully understand what treatment was to be performed on him.

18. Further, despite having a policy and a consent order entered into in the case, Mahon v. Valley Hospital, filed by the Honorable Isabel Stark, on September 4, 2002 under Docket Number L-7202-99 in the Bergen County Superior Court, defendants' hospital repeatedly denied and continues to deny effective accommodations to deaf plaintiffs. Further, the hospital's failure to provide plaintiffs a sign language interpreter which is legally required to be provided by the law and the hospital's own policy and prior consent order is in complete violation of the law set out to protect the rights of disabled individuals.

19. In the Consent Order entered into with defendants' hospital, it specifically states that "At the time of registration and/or admission and/or at any other time as an inpatient, out-patient or emergency room patient, the staff of Valley Hospital will consult with the patient and document his or her communication needs, as well as his or her equipment needs, on the Request for Services by Deaf and Hard of Hearing Persons Form…", this was not done with the plaintiffs during his hospitalization. Further, as can be evidenced by the above facts, the staff at the defendants' hospital staff are not trained and do not know how to obtain interpreters to ensure effective communication with deaf patients.

20. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiff. Plaintiffs will require the services of defendant hospital's facilities in the future as it is the closest hospital to plaintiffs home, and

based upon defendants' ongoing pattern of discrimination will once again be denied reasonable accommodation for their disability.

21. Defendants' willful, knowing and repeated acts of intentional discrimination against plaintiff evidences a pattern and practice of discrimination that is in violation of N.J.S.A. 10:5-1, et seq., the ADA and the Rehabilitation Act and caused plaintiff to suffer and continue to suffer mental pain and anguish.

## CLAIMS

22. Plaintiffs reallege and incorporate by reference the allegations of fact contained in the previous paragraphs.

## FIRST COUNT
## DEFENDANTS VIOLATED TITLE III OF THE AMERICANS WITH DISABILITIES ACT

23. Plaintiffs hearing loss substantially limits their major life activities, including their ability to effectively communicate. Therefore, Plaintiffs are individuals with a disability under Title III of the ADA. Plaintiffs meet the essential eligibility requirements for Defendants' programs, services, and activities at all times material hereto. Thus, Plaintiffs are qualified individuals with a disability and are entitled to the protections of the ADA under 29 USCS Section 794, et seq.

24. Defendants violated Title III of the ADA in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Failed to ensure that communications with Plaintiffs were as effective as communications with non-disabled patients;

(c) Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiffs;

(d) Failed to establish effective self-evaluations and/or provide notice of Plaintiff's rights as individuals with a disability under the ADA;

(e) Failed to follow hospital policies which encompassed the Consent Order entered into in the case, <u>Mahon v. Valley Hospital.</u>

(f) Failed to train staff on how to utilize the video remote interpreting system; and

(g) Excluded Plaintiffs from services of the public entity and denied Plaintiffs the benefit of these services due to their disability.

25. Plaintiffs suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' violations of Title III of the ADA.

## SECOND COUNT
## DEFENDANTS VIOLATED SECTION 504 OF THE REHABILITATION ACT OF 1973

26. Plaintiffs are deaf and their disability substantially limits their major life activities, including their ability to effectively communicate with others who do not know sign language. Therefore, Plaintiffs are considered to be individuals with disabilities under Section 504, as amended, See 29 U.S.C. §706(8). Plaintiffs are otherwise qualified under Section 504 because they meet the essential eligibility requirements for Defendants' services at all times material hereto. Defendants are also recipients of federal financial assistance.

27. Defendants' policies, practices and procedures, particularly the actions and omissions described above, violated the Plaintiff's rights under Section 504 by discriminating on the basis of disability.

28. Additionally, Defendants also denied Plaintiffs services which it made available to non-disabled patients.

29. Defendants violated Plaintiff's rights through repeated refusals to reasonably accommodate Plaintiffs with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

30. Plaintiffs suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to Defendants' violations of Section 504.

## THIRD COUNT
## DEFENDANTS VIOLATED THE NEW JERSEY LAW AGAINST DISCRIMINATION

31. Defendants' conduct is in violation of the N.J.S.A. 10:5-1, et seq., N.J.S.A. 34:1-69.10 et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court grant the following relief against the Defendants, jointly and severally for the following:

32. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiffs to discrimination in violation of Section 504 of the Rehabilitation Act, Title III of the Americans with Disabilities Act, and the New Jersey Law Against Discrimination.

33. Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiffs equal access to, and benefit from Defendants services or which deny Plaintiffs communication with Defendants. Enter a permanent injunction ordering Defendants:

A. To cease discrimination against Plaintiffs and other deaf or hard of hearing patients;

B. To promulgate and comply with policies and procedures to ensure that Defendants and its staff do not discriminate against individuals who are deaf and hard of hearing;

C. To promulgate and comply with procedures to ensure that Defendants will provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by Defendants;

D. To promulgate and comply with procedures to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, Videophones, and other communication services to ensure effective communication with and for deaf or hard of hearing persons.

E. To promulgate and comply with all procedures specifically set forth in the Consent Order in the case, <u>Mahon v. Valley Hospital.</u>

F. That defendants' hospital and all affiliated hospitals who are a part of the Valley Health System be provided with appropriate training to its personnel, including their physicians, medical and nurse assistants to ensure their familiarity with and understanding of how Deaf Talk is utilized and that the problems with Deaf Talk be resolved. In the alternative, when problems with Deaf talk do arise during a patient's

hospitalization that a live interpreter be provided during the times of critical care as listed in the Consent Order.

34. Award compensatory and punitive damages;
35. Award reasonable costs and attorneys' fees; and
36. Award any and all other relief that may be necessary and appropriate.

## JURY DEMAND

37. Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

_/s/ Clara R. Smit_
CLARA R. SMIT, ESQ.
Attorney for Plaintiff

Dated: February 25, 2017

## CERTIFICATION

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated. At this time, the Plaintiffs know of no other party who should be joined in this action.

_/s/ Clara R. Smit_

Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: February 25, 2017