Rowena M. Duran, Esq. - 017821984
**VASIOS, KELLY & STROLLO, P.A.**
2444 MORRIS AVENUE, SUITE 304
UNION, N.J. 07083
(908) 688-1020
Attorneys for Defendants, The Valley Hospital
         and The Valley Health System, Inc.
Our File No.:   1540.91152-RMD


Clara R. Smit, Esq.
l00 Horizon Center Boulevard
Hamilton, New Jersey 08691
(732) 843-6600
(877) 617-3494 (fax)
Attorney for Plaintiffs,
Troy Maggio & Mariton Maggio

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| TROY & MARITON MAGGIO, | : |
| | : |
| **Plaintiff** | : |
| v. | : |
| | : CIVIL ACTION NO.: 2:17-cv-01498 |
| THE VALLEY HOSPITAL et al | : |
| | : **Consent Order** |
| **Defendant** | : |

---

1.   This Civil Action, having been brought by the Plaintiffs, Troy and Mariton Maggio, represented by Clara Smit, Esq., with all clams being made pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101 et seq., Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended at 29 U.S.C. §764, and the New Jersey Law Against Discrimination ("LAD"), hereinafter

Page 1

collectively referred to as the "Acts.

2. Plaintiff Troy Maggio has alleged that he is an individual with a "disability" as defined at 28 C.F.R. §36.104, and, in the case of Mariton Maggio, that she is a "Companion" as defined herein, within the meaning of the ADA, 42 U.S.C. §12102 and §36.303(c)(1)(i) and the Defendants The Valley Hospital, located at 223 North Van Dien Avenue, Ridgewood, New Jersey 07450, (with Plaintiffs and Defendants being jointly referred to as the "Parties") is a "place of public accommodation", as defined in Title III of the ADA, 42 U.S.C. §12181(7) and 28 C.F.R. §36.104; and that it failed to provide appropriate auxiliary aids and services to them, which allegation is denied by the Defendants.

3. The Parties have determined that the non-monetary claims alleged in the above cited lawsuit can be resolved without further costly and protracted litigation.

4. The Parties have agreed that The Valley Hospital is a public accommodation and Valley Healthcare System, Inc. is not a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7) and 28 C.F.R. §36.104.

5. This Consent Order shall not be deemed to constitute any admission of fact or liability by any party, and there

Page 2

have been no findings of any liability against The Valley Hospital and Valley Health System, Inc.

6. This Consent Order serves to resolve all issues raised in the Complaint of the Plaintiffs and any amendments thereto related to the provision of appropriate auxiliary aids and services under the ADA and §504, and all claims of discrimination under the LAD as set forth in Plaintiff's Complaint.

7. This Consent Order does not expand upon the requirements set forth by the ADA, the Rehabilitation Act, and the LAD on The Valley Hospital. Rather, this Consent Order serves to recognize the continuing obligation of The Valley Hospital to abide by the requirements set forth in the above-referenced Acts as applicable, and to identify methods of implementation upon which to conform to the requirements in the Acts. Nothing contained herein shall relieve The Valley Hospital of any obligations otherwise imposed by law. In addition, this Consent Order does not serve as a mechanism for preventing The Valley Hospital from acting in accordance with any exceptions contained within the Acts.

8. The following definitions shall govern the terms and provisions of this Order:

A. The term "Patient" means any individual who is deaf or hard-of-hearing and has a "disability" within the meaning of the ADA, 42 U.S.C. §12102 and 28 C.F.R. §36.104, and is seeking or receiving health care services from The Valley Hospital, whether as an in-patient or an outpatient.

B. The term "Companion" shall, consistent with 28 C.F.R. §36.303(c)(1)(i), mean a person who is deaf or hard of hearing and has a "disability" within the meaning of the ADA, 42 U.S.C. §12102 and 28 C.F.R. §36.104, means a family member, friend or associate of an individual seeking access to, or participating in, the goods, services, facilities, privileges, advantages, or accommodations of The Valley Hospital and who, along with such individual, is an appropriate person with whom The Valley Hospital should communicate.

C. The term "Auxiliary Aids and Services" shall, consistent with 28 C.F.R. §36.303(c)(1)(ii), include qualified interpreters on-site or through video remote interpreting ("VRI") services, including but not limited to CyraCom, LLC; note-takers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids;

Page 4

closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing.

D. The term "Qualified Interpreter" shall, consistent with 28 C.F.R. §36.104, mean an interpreter who, via a VRI service or an on-site appearance, is able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary.

9. The Valley Hospital shall make all reasonable efforts to comply with the protocol set forth herein for providing Auxiliary Aids or Services for effective communication at The Valley Hospital with Patients and/or Companions who are deaf or hard-of-hearing.

10. Within one-hundred and twenty (120) days of the entry of this Consent Order, The Valley Hospital shall post signs of conspicuous size and print giving notice of the

availability of Auxiliary Aids and Services to Patients and/or Companions. These signs should be posted in locations in areas within The Valley Hospital, which are capable of being seen by the public, including The Valley Hospital admissions office. (A copy of a form of the Notice to be posted is attached and incorporated into this Consent Order as Exhibit A).

11. At the time of registration and/or admission, or when an appointment for outpatient services is made, or as soon thereafter as practicable and when the Patient's condition permits, The Valley Hospital will consult with the Patient and/or the Patient's Companion (if present at the time of registration and/or admission), and document his or her communication needs as set forth on the Request for Services by Deaf and Hard of Hearing Persons Form, a copy of which is attached and incorporated in to this Consent Order as Exhibit B.

12. The Valley Hospital shall provide Patients and/or Companions with the full and equal enjoyment of the services, privileges, facilities, advantages, and accommodations of The Valley Hospital as required by this Consent Order and the Acts.

13. The Valley Hospital will provide to Patients and/or

Page 6

Companions appropriate Auxiliary Aids and Services that are reasonably necessary for effective communication. Appropriate Auxiliary Aids and Services will be provided as soon as practicable without compromising patient care.

14. Upon The Valley Hospital determining that an Auxiliary Aid or Service is necessary for effective communication with a Patient and/or Companion, The Valley Hospital will inform the Patient and/or Companion of the current status of efforts being taken to provide an Auxiliary Aid or Service on his or her behalf. The Valley Hospital will provide additional updates to the Patient or Companion as necessary.

15. Consistent with 28 C.F.R. §36.303(c)(1)(ii), the determination of appropriate Auxiliary Aids or Services, and the timing, duration, and frequency with which they will be utilized to provide for effective communication, will be made by The Valley Hospital in consultation with the Patient and/or Companion when practicable. The assessment made by The Valley Hospital will take into account all relevant facts and circumstances, including, for example, the individual's communication skills and knowledge, the nature, length, and complexity of the communication involved, the individual's preference for either a live or video interpreter and the reasons why, and the context in which the communication is

Page 7

taking place. The ultimate decision as to what Auxiliary Aids or Services are appropriate rests with The Valley Hospital.

16. The Valley Hospital will take appropriate steps to ensure that all appropriate personnel are made aware of a Patient and/or Companion's hearing disability and the Auxiliary Aid and Services needed so that effective communication with each such person will be achieved, including documenting this information in the Patient's medical record.

17. Video remote interpreting ("VRI") services, such as, but not limited to, CyraCom, LLC, can provide immediate, effective access to a Qualified Interpreter in a variety of situations including, but not limited to, emergencies and unplanned incidents. When using a VRI service The Valley Hospital shall make all appropriate and reasonable efforts to provide:

(a) Real-time, full-motion video and audio over a dedicated high-speed, wide-band width video connection or wireless connection that delivers high quality video images that do not produce lags, choppy, blurry, or grainy images, or irregular pauses in communication;

(b) A clearly delineated image that is large enough to display the interpreter's face, arms, hands, and fingers, and the participating individual's face, arms, hands, and fingers,

Page 8

regardless of his or her body position;

    (c)  A clear, audible transmission of voices; and

    (d)  Adequate training to appropriate personnel so that they may quickly and efficiently set up and operate the VRI.

    17.  VRI shall not be used when it is not effective due, for example, to the following:

    (a)  a Patient or Companion's limited ability to see the video screen, move his or her head, hands or arms; or a Patient's or Companion's vision, pain or cognitive issues that make the use of VRI ineffective;

    (b)  where the information exchanged is highly complex;

    (c)  the Patient or Companion may be in an area where there is limited or otherwise impaired reception of the Internet line; or

    (d)  there are space restrictions in the room where the patient will be treated; or

    (e)  where the staff has attempted to make the VRI operational for a period of 30 minutes but is unable to do so.

If the VRI is not effective for any reason, including but not limited to those situations above, The Valley Hospital shall contact and arrange for an onsite Qualified Interpreter to ensure effective communication for the Patient or Companion.

    18.  In any emergency situation in which the seriousness of

Page 9

the Patient's medical condition or the best interests of the Patient precludes waiting for the arrival or utilization of a Qualified Interpreter before beginning the assessment and treatment of a patient, The Valley Hospital may use whatever means necessary to communicate with the patient, including but not necessarily limited to, written notes, charts, diagrams, non-verbal gestures, lip reading and sign language or oral interpretation by staff employees or others including, but not limited to relatives and friends of the patient, who have such skills, until such time as a Qualified Interpreter can be utilized.

19. All appropriate Auxiliary Aids and Services required by this Agreement will be provided free of charge to the Patient and/or Companion.

20. Within ninety (90) days of the entry of this Consent Order, The Valley Hospital will designate the Patient Relations Department and the Hospital Operations Resource Center (HORC) as the ADA Co-Administrators with a designee from one of these departments being available twenty-four (24) hours a day, seven (7) days a week, to answer questions and provide appropriate assistance regarding immediate access to, and proper use of, the appropriate Auxiliary Aids and Services. The staff in the Patient Relations Department and the HORC will know where the

Page 10

appropriate Auxiliary Aids are stored and how to operate them. Patients and/or Companions, will be able to contact the Patient Relations Department and the HORC by calling The Valley Hospital's operator at (201) 447-8000.

21. Within one-hundred and eighty (180) days of the entry of this Consent Order, The Valley Hospital shall provide appropriate training to appropriate personnel to ensure their familiarity with and understanding of the requirements of this Consent Order, as well as the requirements of the Acts.

22. Within one-hundred and twenty (120) days of the entry of this Consent Order, The Valley Hospital shall incorporate the protocol in this Consent Order into a written policy, which policy shall be distributed in accordance with The Valley Hospital's procedure.

23. The Parties have agreed that certain terms and provisions of the Consent Judgment entered in the case of Kevin & Sarah Mahon v. The Valley Hospital, Docket No. L-7202-99, signed on September 4, 2002, has become technologically outdated and mooted by the availability and utilization of new and improved resources for the deaf and hard of hearing; and that that Order therefore should be deemed moot and superseded by the terms and provisions of this Consent Order.

24. Any alleged violation of this Consent Order shall not

be deemed a per se violation of the above-referenced Acts. Further, the Parties recognize and agree that technological innovations and advancements may in the future make certain of the provisions herein, particularly with respect to appropriate auxiliary aids and services, outdated; and they therefore agree that this Consent Order shall remain in full force and effect for a period of five (5) years from the date of its execution; but that the Parties, at the initiative of Plaintiff's counsel, shall, at (or before) that time, jointly consider, in good faith, the extension, or modification, or updating of this Consent Order.

    I HEREBY CONSENT TO THE
FORM AND ENTRY OF THIS ORDER

By: _/s/ Clara Smit_
Clara Smit, Esq.
Counsel for Plaintiffs, Troy & Mariton Maggio

By: _/s/ Rowena M. Duran_
Rowena M. Duran, Esq.
Counsel for Defendants, The Valley Hospital & Valley Health System, Inc.

SO ORDERED this    day of August, 2018:

 

_____
Hon. Esther Salas, Judge
U.S. District Court